

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

### ELECTRONICALLY FILED
November 9, 2022 03:39 PM
PAVAN PARIKH
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1251813

KHALDOUN TUEIMEH                    A 2204131

vs.

SMITHFIELD FOODS INC DBA
SMITHFIELD PACKAGED
MEATS

FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY
DEMAND

PAGES FILED: 13

EFR200

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KHALDOUN TUEIMEH | ) | CASE NO. |
| 4589 Matson Avenue | ) | |
| Cincinnati, OH 45236 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| SMITHFIELD FOODS, INC. d/b/a | ) | |
| SMITHFIELD PACKAGED MEATS CORP. | ) | **JURY DEMAND ENDORSED** |
| 805 E Kemper Road | ) | **HEREIN** |
| Cincinnati, OH 45246 | ) | |
| | ) | |
| **Serve Also:** | ) | |
| SMITHFIELD FOODS, INC. d/b/a | ) | |
| SMITHFIELD PACKAGED MEATS | ) | |
| CORP. | ) | |
| c/o CT Corp. System (Statutory Agent) | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, OH 43219 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Khaldoun Tueimeh, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES

1. Tueimeh is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant SMITHFIELD FOODS, INC., (Smithfield") is a foreign limited liability company that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place 805 E Kemper Road, Cincinnati, OH 45246.

3. Smithfield is, and was at all times hereinafter mentioned, Tueimeh's employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. §12101, and R.C. § 4112 et seq.

4. Within 300 days of the adverse employment actions described herein, Tueimeh filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00998 ("EEOC Charge").

5. On or about August 16, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Tueimeh regarding the EEOC Charge.

6. Tueimeh received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

7. Tueimeh has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

8. Tueimeh has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

### JURISDICTION & VENUE

9. All of the material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

10. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

11. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

12. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

2

## FACTS

13. Tueimeh is a former employee of Smithfield.

14. At all times noted herein, Tueimeh was qualified for his position at Smithfield.

15. At all times noted herein, Tueimeh could fully perform the essential functions of his job, with or without a reasonable accommodation.

16. Tueimeh worked as a Production General Help at Smithfield from August 24, 2021, until Smithfield unlawfully terminated Tueimeh's employment on or around January 28, 2022.

17. As a result of suffering from diabetes, high blood pressure, and chronic shoulder pain, Tueimeh is and was considered disabled within the meaning of R.C. § 4112.01(A)(13) and the ADA.

18. In the alternative, Smithfield perceived Tueimeh as being disabled.

19. In the alternative, the Smithfield perceived that Tueimeh's medical condition constituted a physical impairment.

20. In the alternative, Smithfield perceived Tueimeh's disability to substantially impair one or more of his major life activities, including working.

21. Despite this actual or perceived disabling condition, Tueimeh was still able to perform the essential functions of his job.

22. Shortly before the start of his employment with Smithfield, Tueimeh was involved in a motor vehicle accident on or around August 7, 2021. This accident was the source of Tueimeh's chronic shoulder pain.

23. During the early months of his employment, Tueimeh did not disclose this injury to Smithfield.

24. When his work began irritating his shoulder, Tueimeh gave his supervisor notice of the injury in or around December 2021.

3

25. Tueimeh was given the impression that Smithfield did not believe his injury existed.

26. Tueimeh's supervisor asked him to bring in a doctor's note for any work restrictions.

27. In mid-January 2022, Tueimeh was finally able to see his doctor and get a doctor's note for his supervisor.

28. When Tueimeh turned in the doctor's note, his supervisor became angry and accused him of lying about the injury to get out of work.

29. Tueimeh's supervisor subsequently denied him of any work restrictions listed in the doctor's note. This was a failure to engage in the interactive process of finding Tueimeh a reasonable accommodation.

30. Tueimeh's supervisor also claimed there weren't any available positions to accommodate him.

31. However, Tueimeh knew of custodial positions, computer positions, and sorting positions that were open at the time and could accommodate his restrictions.

32. By claiming there were no available positions and refusing to discuss other potential accommodations, Smithfield failed to engage in the interactive process of finding a reasonable accommodation for Tueimeh.

33. After this incident, Tueimeh began experiencing worse treatment from Smithfield's management compared to his similarly situated coworkers.

34. Management acted condescendingly towards Tueimeh while being polite to other employees.

35. Tueimeh reported this discriminatory behavior to his Union Representative, but she was unable to help. This report was a protected complaint.

36. On or around January 27, 2022, Tueimeh was pulled into a meeting by the Union Manager and a Smithfield Floor Supervisor.

4

37. Tueimeh was informed that his employment was suspended and that he would be called and told if or when he could return to work.

38. On or around January 29, 2022, Tueimeh attempted to return to work.

39. The Union Manager stopped Tueimeh from coming in and asked why he came there.

40. Tueimeh asked if his job was still available.

41. The Union Manager told Tueimeh to leave and threatened to call the police if he didn't.

42. Tueimeh complied and left the premises.

43. On or around February 9, 2022, Tueimeh received a letter from Smithfield confirming that his employment was terminated.

44. The above facts demonstrate that Defendant engaged in a pattern disability discrimination.

45. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

46. There was a causal connection between Tueimeh's disability and Defendant's termination of Tueimeh's employment.

47. There was a causal connection between Tueimeh's disability discrimination complaint and Defendant's termination of Tueimeh.

48. As a result of Defendant's acts and omissions, Tueimeh has suffered, and will continue to suffer, damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq.**

49. Tueimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

50. Tueimeh is disabled.

51. In the alternative, Smithfield perceived Tueimeh as being disabled.

5

52. Tueimeh's condition constituted a physical impairment.

53. Tueimeh's condition substantially impaired one or more of his major life activities including working.

54. Smithfield perceived Tueimeh's condition to substantially impair one or more of his major life activities including working.

55. Smithfield treated Tueimeh differently than other similarly-situated employees based on his disabling condition.

56. Smithfield treated Tueimeh differently than other similarly-situated employees based on his perceived disabling condition.

57. On or about January 28, 2022, Defendant terminated Tueimeh's employment without just cause.

58. Alternatively, Defendant's cited reason for Tueimeh's termination was pretext.

59. Defendant terminated Tueimeh's employment based on his disability.

60. Defendant terminated Tueimeh's employment based on his perceived disability.

61. Defendant violated R.C. § 4112.02 when it discharged Tueimeh based on his disability.

62. Defendant violated R.C. § 4112.02 when it discharged Tueimeh based on his perceived disability.

63. Smithfield violated R.C. § 4112.02 by discriminating against Tueimeh based on his disabling condition.

64. Smithfield violated R.C. § 4112.02 by discriminating against Tueimeh based on his perceived disabling condition.

65. Tueimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

6

66. As a direct and proximate result of Defendant's conduct, Tueimeh suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

67. Tueimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. Tueimeh is disabled.

69. In the alternative, Smithfield perceived Tueimeh as being disabled.

70. Tueimeh's condition constituted a physical impairment.

71. Tueimeh's condition substantially impaired one or more of his/her major life activities including working.

72. Smithfield perceived Tueimeh's condition to substantially impair one or more of his major life activities including working.

73. Smithfield treated Tueimeh differently than other similarly-situated employees based on his disabling condition.

74. Smithfield treated Tueimeh differently than other similarly-situated employees based on his perceived disabling condition.

75. On or about January 28, 2022, Defendant terminated Tueimeh's employment without just cause.

76. Alternatively, Defendant's cited reason for Tueimeh's termination was pretext.

77. Defendant terminated Tueimeh's employment based on his disability.

78. Defendant terminated Tueimeh's employment based on his perceived disability.

79. Defendant violated the ADA when it discharged Tueimeh based on his disability.

80. Defendant violated the ADA when it discharged Tueimeh based on his perceived disability.

7

81. Smithfield violated the ADA by discriminating against Tueimeh based on his disabling condition.

82. Smithfield violated the ADA by discriminating against Tueimeh based on his perceived disabling condition.

83. Tueimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

84. As a direct and proximate result of Defendant's conduct, Tueimeh suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT III: FAILURE TO ACCOMMODATE UNDER THE ADA

85. Tueimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Tueimeh informed Smithfield of his disabling condition.

87. Tueimeh requested accommodations from Smithfield to assist with his disabilities, including moving to a different position.

88. Tueimeh's requested accommodations were reasonable.

89. There was an accommodation available that would have been effective and would have not posed an undue hardship to Smithfield.

90. Smithfield failed to engage in the interactive process of determining whether Tueimeh needed an accommodation.

91. Smithfield failed to provide an accommodation.

92. Smithfield violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 et seq.

93. As a direct and proximate result of Smithfield's conduct, Tueimeh suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

8

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 et seq.

94. Tueimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Tueimeh informed Defendant of his disabling condition.

96. Tueimeh requested accommodations from Defendant to assist with his disabilities including moving to a different location.

97. Tueimeh's requested accommodations were reasonable.

98. There was an accommodation available that would have been effective and would have not posed an undue hardship to Smithfield.

99. Defendant failed to engage in the interactive process of determining whether Tueimeh needed an accommodation.

100. Defendant failed to provide an accommodation.

101. Defendant violated R.C. § 4112.02 by failing to provide Tueimeh a reasonable accommodation.

102. Tueimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

103. As a direct and proximate result of Defendant's conduct, Tueimeh suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: RETALIATORY DISCRIMINATION

104. Tueimeh restates each and every prior paragraph of this complaint, as if it were fully restated herein.

105. As a result of the Defendant's discriminatory conduct described above, Tueimeh complained to a Union Representative about the disability discrimination he was experiencing.

9

106. Subsequent to Tueimeh reporting of disability discrimination to his Union Representative and filing an EEOC complaint, Tueimeh's employment was terminated.

107. Defendant's actions were retaliatory in nature based on Tueimeh's opposition to the unlawful discriminatory conduct.

108. Pursuant to R.C. §4112.02(I) and the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

109. Tueimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages.

110. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Tueimeh, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Tueimeh demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

10

      iv.   Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.   Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Tueimeh's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Tueimeh for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Tueimeh's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Evan R. McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
Trial Attorney
Brianna R. Carden (0097961)
THE SPITZ LAW FIRM, LLC
Spectrum Office Tower

11

11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Khaldoun Tueimeh

## JURY DEMAND

Plaintiff Khaldoun Tueimeh demands a trial by jury by the maximum number of jurors permitted.

/s/ Evan R. McFarland
Evan R. McFarland (0096953)

13